1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**United States District Court**
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

PHILLIP P. JACKSON,

          Petitioner,

  v.

G. D. LEWIS, Warden,

          Respondent.

_____/

No. C 11-2029 SBA (PR)

**ORDER GRANTING RESPONDENT'S
MOTION TO DISMISS PETITION AS
UNTIMELY; AND DENYING A
CERTIFICATE OF APPEALABILITY**

(Docket no. 9)

## INTRODUCTION

Petitioner Phillip P. Jackson, an inmate at Pelican Bay State Prison, filed a <u>pro se</u> petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 on April 26, 2011.  Before the Court is Respondent's motion to dismiss the instant petition as untimely under 28 U.S.C. § 2244(d), the statute of limitations set by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA").

Having considered all of the papers filed by the parties, the Court GRANTS Respondent's motion to dismiss the petition as untimely.

## BACKGROUND

Petitioner is challenging his 1999 conviction for burglary, first degree robbery, and attempted first degree robbery.  (Pet. at 20-21.)[1]  After finding true five strike priors, four prison priors and two serious felony priors, the Contra Costa County Superior Court sentenced Petitioner to a term in state prison of thirty-eight years to life.  (<u>Id.</u> at 21.)  On June 29, 2001, the California Court of Appeal affirmed the conviction.  (MTD, Ex. 1.)  On September 19, 2001, the California Supreme Court denied review.  (MTD, Ex. 2.)

In June 2009, Petitioner filed his state habeas corpus petition in the Contra Costa County Superior Court.  On July 23, 2009, the state superior court denied the petition as untimely as well as on the merits.  (Pet., Ex. F.)  On September 18, 2009, Petitioner filed a state habeas corpus petition in the California Court of Appeal, which was denied on September 24, 2009.  (MTD, Ex. 3.) Petitioner, on March 8, 2010, then filed a habeas corpus petition in the California Supreme Court,

---

[1] Petitioner has indicated two different page numbers on his federal habeas petition.  The Court will cite to the page number on the top right-hand corner of each page.

1   which was denied as untimely on November 23, 2010.  (Id. at 4.)

2          On April 26, 2011, Petitioner filed the present petition.

3          On September 9, 2011, Respondent filed his motion to dismiss (docket no. 9).  Plaintiff has

4   not filed an opposition to the motion to dismiss.[2]

5                                    **DISCUSSION**

6          AEDPA imposes a statute of limitations on petitions for a writ of habeas corpus filed by state

7   prisoners.  Petitions filed by prisoners challenging non-capital state convictions or sentences must be

8   filed within one year of the latest date on which: (A) the judgment became final after the conclusion

9   of direct review or the time passed for seeking direct review; (B) an impediment to filing an

10  application created by unconstitutional state action was removed, if such action prevented the

11  Petitioner from filing; (C) the constitutional right asserted was initially recognized by the Supreme

12  Court, if the right was newly recognized by the Supreme Court and made retroactive to cases on

13  collateral review; or (D) the factual predicate of the claim could have been discovered through the

14  exercise of due diligence.  28 U.S.C. § 2244(d)(1)(A)-(D).  The one-year period generally runs from

15  "the date on which the judgment became final by the conclusion of direct review or the expiration of

16  the time for seeking such review."  28 U.S.C. § 2244(d)(1)(A).

17         The one-year period generally runs from "the date on which the judgment became final by

18  the conclusion of direct review or the expiration of the time for seeking such review."  28 U.S.C.

19  § 2244(d)(1)(A).  AEDPA's one-year time limit did not begin to run against any state prisoner before

20  the date of the Act's enactment.  Calderon v. United States District Court (Beeler), 128 F.3d 1283,

21  1287 (9th Cir. 1997) (allowing § 2244(d)'s limitation period to commence before AEDPA's

22  enactment would have an impermissible retroactive effect), overruled in part on other grounds by

23  Calderon v. United States District Court (Kelly), 163 F.3d 530 (9th Cir. 1998) (en banc), cert.

24  denied, 526 U.S. 1060 (1999).

25         A state prisoner with a conviction finalized after April 24, 1996, such as Petitioner,

26  ordinarily must file his federal habeas petition within one year of the date his process of direct

27  _____

28         [2] Petitioner's opposition to the motion to dismiss was due no later than October 9, 2011, thirty days after Respondent filed his motion.  Petitioner did not request an extension to file his opposition to the motion to dismiss.  To date, he has not filed his opposition.

**United States District Court**
For the Northern District of California

1   review came to an end.  See id.  "[W]here a state court grants a criminal defendant the right to file an

2   out-of-time direct appeal during state collateral review, but before the defendant has first sought

3   federal habeas relief, his judgment is not yet 'final' for purposes of § 2244(d)(1)(A)" and is only final

4   at the conclusion of direct review of "the out-of-time direct appeal, or the expiration of the time for

5   seeking review of that appeal."  Jimenez v. Quarterman, 555 U.S. 113, 121 (2009).

6        The one-year limitations period may start running from "the expiration of the time for

7   seeking [direct] review."  28 U.S.C. § 2244(d)(1)(A).  "Direct review" also includes the period

8   within which a petitioner can file a petition for a writ of certiorari from the United States Supreme

9   Court, whether or not the petitioner actually files such a petition.  Bowen v. Roe, 188 F.3d 1157,

10  1159 (9th Cir. 1999).  Accordingly, if a petitioner fails to seek a writ of certiorari from the United

11  States Supreme Court, the AEDPA's one-year limitations period begins to run on the date the

12  ninety-day period defined by Supreme Court Rule 13 expires.  See Miranda v. Castro, 292 F.3d

13  1063, 1065 (9th Cir. 2002) (where petitioner did not file petition for certiorari, his conviction

14  became final ninety days after the California Supreme Court denied review); Bowen, 188 F.3d at

15  1159 (same).

16       The one-year period is calculated according to the general rule for counting time in federal

17  courts, Rule 6(a) of the Federal Rules of Civil Procedure.  Patterson v. Stewart, 251 F.3d 1243, 1246

18  (9th Cir. 2001).  That is, "the day of the act, event, or default from which the designated period of

19  time begins to run shall not be included" in the one-year limitations period.  Fed. R. Civ. P. 6(a).

20  This is referred to as the "anniversary method" because, absent any tolling, the expiration date of the

21  limitations period will be the same date as the triggering event in the following year.  Patterson, 251

22  F.3d at 1246.

23       Here, the California Supreme Court denied Petitioner's appeal on September 19, 2001;

24  therefore, the judgment became final ninety days later -- on December 18, 2001 -- when the time to

25  file a petition for writ of certiorari in the Supreme Court expired.  Accordingly, Petitioner was

26  required to file his federal habeas petition no later than December 18, 2002.  See 28 U.S.C.

27  § 2244(d).  The present federal habeas petition was filed on April 26, 2011, over eight years after the

28  limitations period had expired.  The petition is untimely unless he can show that he is entitled to

United States District Court
For the Northern District of California

3

**United States District Court**
For the Northern District of California

1  statutory or equitable tolling.

2  **I.      Statutory Tolling**

3      The petition may nonetheless be timely if the limitations period was tolled under 28 U.S.C.

4  § 2244(d)(2) for a substantial period of time.  AEDPA's one-year limitations period is tolled under

5  § 2244(d)(2) for the "'time during which a properly filed application for State post-conviction or

6  other collateral review [with respect to the pertinent judgment or claim] is pending.'"  Dictado v.

7  Ducharme, 244 F.3d 724, 726 (9th Cir. 2001) (quoting 28 U.S.C. § 2244 (d)(2)), abrogated on other

8  grounds by Pace v. DiGuglielmo, 544 U.S. 408 (2005).

9      Petitioner filed three state habeas petitions, the first of which was filed in June 2009 --

10 almost eight years after the December 18, 2002 expiration of the limitations period.  A state habeas

11 petition filed before the limitations period begins to run tolls the limitation period.  Jiminez v. Rice,

12 276 F.3d 478, 482 (9th Cir. 2001).  However, an application for state post-conviction or other

13 collateral review filed after the limitations period has ended cannot toll the limitations period.  See

14 Ferguson v. Palmateer, 321 F.3d 820, 823 (9th Cir. 2003) (Section 2244(d) does not permit the

15 reinitiation of the limitations period that has ended before the state petition was filed, even if the

16 state petition was timely filed).  Section 2244(d)(2) cannot "revive" the limitations period once it has

17 run (i.e., restart the clock to zero); it can only serve to pause a clock that has not yet fully run.  See

18 Rashid v. Khulmann, 991 F. Supp. 254, 259 (S.D.N.Y. 1998) (once the limitations period has

19 expired, collateral petitions can no longer serve to avoid the statute of limitations).  Therefore,

20 Petitioner is not entitled to statutory tolling under 28 U.S.C. § 2244(d)(2) because the limitations

21 period had already expired prior to his filing his first state habeas petition.

22     Accordingly, statutory tolling is not sufficient to overcome the time bar to Petitioner's federal

23 habeas petition.  His petition is barred as untimely under 28 U.S.C. § 2244(d)(1), unless he can show

24 that he is entitled to equitable tolling of the limitations period.

25 **II.     Equitable Tolling**

26     The Supreme Court has determined that AEDPA's statute of limitations is subject to

27 equitable tolling in appropriate cases.  Holland v. Florida, 130 S. Ct. 2549, 2560 (2010).  "When

28 external forces, rather than a petitioner's lack of diligence, account for the failure to file a timely

4

United States District Court
For the Northern District of California

claim, equitable tolling of the statute of limitations may be appropriate." <u>Miles v. Prunty</u>, 187 F.3d 1104, 1107 (9th Cir. 1999).  Equitable tolling will not be available in most cases because extensions of time should be granted only if "'extraordinary circumstances' beyond a prisoner's control make it impossible to file a petition on time." <u>Beeler</u>, 128 F.3d at 1288.  The prisoner must show that "the 'extraordinary circumstances' were the cause of his untimeliness." <u>Spitsyn v. Moore</u>, 345 F.3d 796, 799 (9th Cir. 2003) (citations omitted).  Another statement of the standard is that a litigant seeking equitable tolling bears the burden of establishing two elements: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way," preventing timely filing. <u>Holland</u>, 130 S. Ct. at 2562 (quoting <u>Pace</u>, 544 U.S. at 418; <u>accord</u> <u>Rasberry v. Garcia</u>, 448 F.3d 1150, 1153 (9th Cir. 2006).

The Ninth Circuit has said that the petitioner "bears the burden of showing that this extraordinary exclusion should apply to him." <u>Miranda</u>, 292 F.3d at 1065.  Indeed, "'the threshold necessary to trigger equitable tolling [under AEDPA] is very high, lest the exceptions swallow the rule.'" <u>Id.</u> at 1066 (quoting <u>United States v. Marcello</u>, 212 F.3d 1005, 1010 (7th Cir. 2000)).

However, "[r]ather than let procedural uncertainties unreasonably snuff out a constitutional claim, the issue of when grave difficulty merges literally into 'impossibility' should be resolved in [a petitioner's] favor." <u>Lott v. Mueller</u>, 304 F.3d 918, 920 (9th Cir. 2002).  When a prisoner is proceeding <u>pro se</u>, his allegations regarding diligence in filing a federal petition on time must be construed liberally.  <u>Roy v. Lampert</u>, 465 F.3d 964, 970 (9th Cir. 2006).

Where a prisoner fails to show any causal connection between the grounds upon which he asserts a right to equitable tolling and his inability to file a timely federal habeas petition, the equitable tolling claim will be denied.  <u>Gaston v. Palmer</u>, 417 F.3d 1030, 1034-35 (9th Cir. 2005), <u>amended</u>, 447 F.3d 1165 (9th Cir. 2006).  He must, furthermore, show that his untimeliness was caused by an external impediment and not by his own lack of diligence.  <u>Bryant v. Arizona Attorney Gen.</u>, 499 F.3d 1056, 1061 (9th Cir. 2007).

Petitioner does not state expressly that he is entitled to equitable tolling because he did not file an opposition to the motion to dismiss.  The Court finds that it would be futile to provide him leave to amend in order to do so.  Based on a thorough review of the facts asserted in Petitioner's

1   federal petition, the Court concludes below that Petitioner has not shown that equitable tolling

2   should apply to him.  That is, he alleges no facts which show that his failure to raise his claims in

3   federal court until more than eight years after the limitations period had expired was because of

4   circumstances which were beyond his control and which made it impossible to file a timely federal

5   petition.

6   　　　In his federal petition, Petitioner claims that he has "valid excusable instances that attributed

7   to his delay in bringing the instant petition."  (Pet. at 19.)  First, he claims that he only discovered his

8   "meritorious claims" when he finally gained assistance from a "jail house lawyer" named Charles

9   Palmer, Jr. in February 2008.  (Id., Ex. A  at 53, Palmer Decl. ¶ 2.)  As an initial matter, Petitioner

10  has no right to counsel on state or federal habeas.  Wright v. West, 505 U.S. 277, 293 (1992) (citing

11  Pennsylvania v. Finley, 481 U.S. 551, 555 (1987)); Coleman v. Thompson, 501 U.S. 722, 757

12  (1991).  Moreover, ignorance of the law and lack of legal sophistication do not alone constitute

13  extraordinary circumstances warranting equitable tolling.  Rasberry, 448 F.3d at 1154 (cataloguing

14  cases from other circuits and holding that a pro se petitioner's lack of legal sophistication is not, by

15  itself, an extraordinary circumstance); see also Hughes v. Idaho State Bd. of Corrs., 800 F.2d 905,

16  909 (9th Cir. 1986) (illiteracy of pro se petitioner insufficient cause to avoid procedural bar);

17  Cantu-Tzin v. Johnson, 162 F.3d 295, 299-300 (5th Cir. 1998) (pro se status during state habeas

18  proceedings did not justify equitable tolling); United States v. Flores, 981 F.2d 231, 236 (5th Cir.

19  1993) (pro se status, illiteracy, deafness and lack of legal training does not justify equitable tolling).

20  Therefore, Petitioner is not entitled to equitable tolling based solely on a lack of assistance from

21  counsel, his indigency, or his ignorance of the law.

22  　　　Second, Petitioner claims that his untimeliness was also due to his "attempts to clear up

23  confusion he suffered with respect to procedure from his appellate attorney."  (Pet. at 19.)  Petitioner

24  attached various correspondence he had with his appellate attorney, John Halley, Esq.  (Pet., Ex. A.)

25  Contrary to Petitioner's allegation, there should not have been any "confusion" because Attorney

26  Halley wrote Petitioner a letter clearly informing him of his need to file a federal habeas petition by

27  "September 18, 2002."  (Id. at 67.)  Attorney Halley adds the following warning to Petitioner: "No

28  attorney will be appointed to do this for you.  You will have to make sure yourself that this gets

done." (Id.)  While Attorney Halley did not consider the additional ninety-day period to file a writ of certiorari in the Supreme Court, the Court finds this irrelevant because Petitioner should have known that the deadline was in 2002.  As mentioned above, Petitioner did not act diligently because he only began pursuing collateral relief in the state courts in June 2009, and he did not file his federal habeas petition until 2011.  Therefore, Petitioner is not entitled to equitable tolling on this ground.

In sum, Petitioner's federal habeas petition is untimely, and he has not offered the Court a sufficient reason why he should be entitled to statutory or equitable tolling.  Accordingly, the Court GRANTS Respondent's motion to dismiss.  Because the Court finds that the petition is untimely, it need not address Respondent's alternative argument that Petitioner's subsequent state habeas petitions were not properly filed.

## III.    Certificate of Appealability

The federal rules governing habeas cases brought by state prisoners have been amended to require a district court that dismisses or denies a habeas petition to grant or deny a certificate of appealability ("COA") in its ruling.  See Rule 11(a), Rules Governing § 2254 Cases, 28 U.S.C. foll. § 2254 (effective December 1, 2009).

For the reasons stated above, Petitioner has not shown "that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack v. McDaniel, 529 U.S. 473, 484 (2000).  Accordingly, a COA is DENIED.

## CONCLUSION

For the reasons outlined above, the Court orders as follows:

1.    Respondent's motion to dismiss petition for writ of habeas corpus as untimely (docket no. 9) is GRANTED, and this action is DISMISSED with prejudice.

2.    A certificate of appealability is DENIED.  Petitioner may seek a certificate of appealability from the Ninth Circuit Court of Appeals.

3.    The Clerk of the Court shall enter judgment and close the file.

4.    This Order terminates Docket no. 9.

IT IS SO ORDERED.



1

2
DATED:  __8/1/12_____                    _____
SAUNDRA BROWN ARMSTRONG
3
~~UNITED STATES DISTRICT COURT~~
~~PHILLIP P. JACKSON,  OF CALIFORNIA~~
United States District Judge
~~NORTHERN DISTRICT OF CALIFORNIA~~

4
            Plaintiff,                                      Case Number: CV11-02029 SBA

5
   v.                                                       **CERTIFICATE OF SERVICE**

6
G.D. LEWIS et al,

7
            Defendant.
_____/

8

9
I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District
Court, Northern District of California.

10

11
That on August 3, 2012, I SERVED a true and correct copy(ies) of the attached, by placing said
copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said
envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle
located in the Clerk's office.

12

13

14

15
Phillip P. Jackson P-42466
Pelican Bay State Prison
16
5905 Lake Earl Drive
P.O. Box 7500
17
Crescent City, CA 95531-7500

18
Dated: August 3, 2012

19
                                                   Richard W. Wieking, Clerk
                                                   By: Lisa Clark, Deputy Clerk

20

21

22

23

24

25

26

27

28

United States District Court
For the Northern District of California